# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL NO. JKB-11-0657 |
|   | | CIVIL NO. JKB-15-1940 |
| **FRANK MARFO** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter was previously assigned to the Honorable Marvin J. Garbis. Judge Garbis has retired and the matter has been reassigned to the undersigned.

The Court has carefully reviewed the Defendant's Motion, the Government's response, and the Defendant's Reply, which he categorizes as a response (ECF Nos. 309, 311, 312, respectively). The Court has otherwise familiarized itself with the lengthy record. The Defendant's current Motion, which he asks the Court to review under Rule 60(b), is DENIED.

The Government is correct on all material points and the Court adopts the Government's reasoning as its own. Specifically, this "Motion" is, in reality, a successive petition under 28 U.S.C. § 2255 and, there being no Certificate of Appealability, this Court lacks jurisdiction to proceed. Even if the Court had jurisdiction, it would deny the Motion because it is merely a restatement of arguments and complaints previously considered and rejected by the District Court and by the Court of Appeals. The issues raised by the Defendant have already been decided, and those rulings are the binding "law of the case." Finally, even on the merits, the Defendant's claims fail.

Accordingly, consistent with the above, the Defendant's "Motion," styled as a Rule 60(b) motion is DENIED.

To the extent that this ruling is appealable, and to the extent that the Defendant would choose to pursue an appeal, this Court concludes that the standard for a Certificate of Appealability is not met and such a Certificate is expressly DENIED.

DATED this 17th day of April, 2019.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge